# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0212** (Kanawha County 04-F-57)

**Keith W.R. Lowe,**
**Defendant Below, Petitioner**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith W.R. Lowe, pro se, appeals the November 16, 2016, order of the Circuit Court of Kanawha County denying his motion to vacate his conviction for first-degree murder. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By order entered on April 29, 2005, petitioner was convicted of first-degree murder as a result of a jury's verdict of guilty. The jury did not recommend mercy. Consequently, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Petitioner sought review of his conviction, but this Court refused his appeal by an order entered on November 28, 2006.

Petitioner has since filed two petitions for a writ of habeas corpus. When he filed each petition, petitioner requested that the judge who presided at trial recuse himself from presiding over petitioner's habeas proceeding. Although the trial judge disputed petitioner's reasons for requesting his recusal, he voluntarily recused himself. In each habeas case, the same judge was assigned to preside following the voluntary recusal of the trial judge.

---

[1]On August 11, 2017, petitioner filed a motion to file a reply out-of-time to the summary response. This Court refused the motion by order entered on November 8, 2017.

1

In the first habeas proceeding,[2] the circuit court appointed an attorney for petitioner and then held an evidentiary hearing on October 9, 2009. Following that hearing, the circuit court denied habeas relief by order entered on January 25, 2010. In denying the first habeas petition, the circuit court noted that petitioner alleged that, in November/December of 2004, the newly-elected prosecuting attorney suggested that the trial judge could possibly be hired as an assistant prosecutor as follows:

> Petitioner further complain[ed] about a discussion the new prosecutor had with the presiding judge about potential employment, although the prosecutor clearly testified that no offer was made to the [j]udge and that the presiding judge, within two days of that discussion, simply expressed a lack of interest. No further discussion was had of the matter.[[3]]

The circuit court found that there was "no impropriety" in the trial judge's conduct. Petitioner sought review of the January 25, 2010, order denying his habeas petition, but this Court refused his appeal by order entered on June, 25, 2010.

Throughout the second habeas proceeding,[4] several attorneys were appointed to represent petitioner. However, the circuit court eventually allowed petitioner to proceed pro se following either each attorney's withdrawal or petitioner's refusal of their services. The circuit court denied habeas relief by order entered on December 7, 2016. In that order, the circuit court found that "an evidentiary hearing [was] unnecessary." The circuit court rejected petitioner's claim that his attorney in the first habeas proceeding failed to fully litigate the issue of whether the trial judge violated the judicial canons by "negotiating for a position as an assistant prosecutor." The circuit court referenced its finding from its January 25, 2010, order denying petitioner's first habeas petition that "no job offer was made" to the trial judge and that the judge quickly expressed a lack of interest. The circuit court concluded that the trial judge "presided over the trial impartially," and, therefore, habeas counsel had no duty to pursue the matter further. Petitioner appealed the December 7, 2016, order denying his second habeas petition, and that appeal remains pending.[5]

_____

[2] We take judicial notice of the record in petitioner's first habeas proceeding, No. 08-MISC-138.

[3] The prosecutor testified in the underlying criminal case at a hearing after his newly-appointed counsel filed a motion to disqualify the prosecutor's office because petitioner's former attorney took a job with the office.

[4] We take judicial notice of the record in petitioner's second habeas proceeding, No. 11-MISC-625.

[5] By order entered on May 25, 2017, this Court suspended the deadline for perfecting an appeal from the December 7, 2016, order denying the second habeas petition and remanded the case to the circuit court for the limited purpose of appointing appellate counsel. The circuit court appointed an attorney to represent petitioner in that appeal by order entered on June 6, 2017. (Continued . . .)

On August 1, 2016, petitioner filed a motion in the underlying criminal case to vacate his conviction for first-degree murder based on the trial judge's alleged conflict of interest. Though petitioner again requested that the trial judge recuse himself, the trial judge found that there was no longer any need for his voluntary recusal. Consequently, the trial judge transmitted petitioner's motion for disqualification to this Court for a ruling by the Chief Justice pursuant to Rule 17.01 of the West Virginia Trial Court Rules. By administrative order entered on October 7, 2016, the Chief Justice found that the trial judge's disqualification was "not warranted" and denied the motion. Subsequently, by order entered on November 16, 2016, the trial judge denied petitioner's motion to vacate his conviction, finding that it was improperly filed in a closed criminal case.

Petitioner now appeals the circuit court's November 16, 2016, order denying his motion to vacate his conviction for first-degree murder. Because we construe petitioner's motion as one requesting a new trial,[6] the following standard of review applies to this case:

> """Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).' Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.*, 201 W.Va. 624, 499 S.E.2d 846 (1997)." Syl. Pt. 1, *Lively v. Rufus*, 207 W.Va. 436, 533 S.E.2d 662 (2000).

Syl. Pt. 2, *State v. Blevins*, 231 W. Va. 135, 744 S.E.2d 245 (2013) (per curiam).

On appeal, petitioner fails to cite a court rule under which he may file a motion to vacate more than eleven years after his conviction for first-degree murder was obtained by the State. The State argues that petitioner's motion was not properly filed under Rule 33 of the West Virginia Rules of Criminal Procedure, which provides, in pertinent part, as follows:

> A motion for a new trial based on the ground of newly discovered evidence may be made only after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within

---

Accordingly, by order entered on November 9, 2017, this Court directed appellate counsel to file a notice of appeal on petitioner's behalf on or before the deadline set forth in that order. On January 4, 2018, petitioner's attorney filed a notice of appeal and that appeal is now proceeding under Case No. 18-0001.

[6]In *State v. J.S.*, 233 W.Va. 198, 206, 757 S.E.2d 622, 630 (2014), we found that we are not bound by labels, but will treat the motion as being "made pursuant to the most appropriate rule." (internal quotations and citations omitted).

3

such further time as the court may fix during the ten-day period.[7]

We find that, at most, petitioner's motion advances a new legal argument rather than claiming newly discovered evidence of the trial judge's alleged conflict of interest. In *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 325 n.18, 465 S.E.2d 416, 427 n.18 (1995), we found that what is alleged as newly discovered evidence must be of a type that would be admissible if a new trial is granted. *See also* Syl., *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979) (holding that the newly discovered evidence must be both new "and material") (internal quotations and citations omitted).[8] In other words, "newly discovered facts" or "newly discovered information" do not necessarily qualify as newly discovered evidence. *Daniel*, 195 W.Va. at 325 n.18, 465 S.E.2d at 427 n.18. Though petitioner is not entirely clear, he apparently contends that he did not discover until 2016 that, in addition to arguing that the trial judge had a conflict of interest, he could also argue that the trial judge had a duty to fully disclose the facts regarding the alleged conflict under Canon 3(E) of the West Virginia Code of Judicial Conduct that was in effect at the time of his trial.[9] As petitioner himself indicates, this is a new argument—not newly discovered evidence, which would be admissible at a new trial.

---

[7]The State further argues—and we agree—that the motion was not properly filed under Rule 29(c), which provides that a motion for judgment of acquittal may filed "within ten days after the jury is discharged or within such further time as the court may fix during the ten-day period."

[8]In the syllabus of *Frazier,* we set forth the factors to be considered when deciding a motion for a new trial based on newly discovered evidence:

> "A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

162 W.Va. at 935-36, 253 S.E.2d at 534-35.

[9]A new Code of Judicial Conduct became effective on December 1, 2015.

4

Moreover, the parties agree that petitioner may raise the trial judge's alleged conflict of interest in a habeas proceeding. Indeed, petitioner has raised the issue in both of his habeas proceedings. Petitioner's appeal from the denial of his second habeas petition remains pending. Nothing stops petitioner from raising the trial judge's alleged conflict in that appeal should he choose to do so.[10] Regarding this appeal, we conclude that the circuit court did not err in denying petitioner's motion as improperly filed in his criminal case.

For the foregoing reasons, we affirm the circuit court's November 16, 2016, order denying petitioner's motion to vacate his conviction for first-degree murder.

Affirmed.

**ISSUED:**   February 2, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[10]We express no opinion as to the merits of petitioner's claim or whether it is now barred by the doctrine of res judicata, as annunciated in syllabus point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), given his first habeas proceeding.